**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **NICOLE KORDIE**, on behalf of herself and others similarly situated, | : : | |
| Plaintiff, | : : | CASE NO. 3:24-cv-139 |
| v. | : : | JUDGE |
| **HCF MANAGEMENT, INC.** c/o Ryan Stechschulte 1100 Shawnee Rd. Lima, OH 45805, | : : : : : | MAGISTRATE JUDGE |
| Defendant. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Nicole Kordie ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Complaint against Defendant HCF Management, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Ohio Prompt Payment Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The OPPA claim is brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

I.    **JURISDICTION AND VENUE**

1.    This action is brought pursuant to the FLSA, the OPPA, and 28 U.S.C. § 1331.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises an additional claim pursuant to the laws of Ohio over which this Court

maintains supplemental subject matter jurisdiction because it forms a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio.

## II.     PARTIES

### A.     Named Plaintiff

4.     Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.     Named Plaintiff was employed by Defendant beginning in or around June 2022 until February 2024.

6.     Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the OPPA. Specifically, Named Plaintiff was employed by Defendant as an hourly State Tested Nursing Assistant ("STNA").  During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7.     During Named Plaintiff's employment with Defendant, Defendant did not include all additional remuneration, such as non-discretionary bonuses, in Named Plaintiff's regular rate of pay for purposes of calculating overtime. As a result, Named Plaintiff was not fully and properly paid overtime wages in violation of the FLSA and the OPPA.

8.     Defendant applied the aforementioned pay practices and/or policies to other similarly situated employees. These similarly situated employees worked forty (40) or more hours in given workweeks, and these practices and/or policies resulted in these similarly situated

employees not being fully and properly paid overtime wages in violation of the FLSA and the OPPA.

9.      Named Plaintiff brings this action on behalf of herself and those similarly situated employees and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

**B.      Defendant**

10.     Defendant is a domestic corporation for profit that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

11.     Defendant is a collection of senior housing communities providing housing, assisted living, rehabilitation, and long-term care for seniors and families at approximately twenty-five (25) locations throughout the states of Ohio and Pennsylvania.

12.     Upon information and belief, Defendant has registered numerous other entities ("Related Entities"), i.e., HCF of Piqua, Inc., to manage and operate its business activities. All of these entities maintain interrelated operations, centralized control of labor relations, common management, common ownership, and financial control.

13.     Defendant provides housing, assisted living, rehabilitation, and long-term care for its patients and clients.

14.     Defendant employed Named Plaintiff and other similarly situated employees at its facilities; specifically, Defendant employed Named Plaintiff at its Piqua Manor facility in Piqua, Ohio.

15.     Defendant has authority to hire and fire employees, supervises and controls the work schedules and conditions of employees, determines the rate and method of pay, and/or

maintains employee records. Defendant and its Related Entities form a "single employer" because they are part of a single integrated enterprise and/or they are otherwise joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management, common ownership, and financial control.

16.     Defendant has substantial control over Named Plaintiff and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

17.     Defendant directly or indirectly controls the terms and conditions of the work of Named Plaintiff and other similarly situated employees.

18.     Defendant maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

19.     Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations and under all of its Related Entities, including policies, practices, and procedures relating to the payment of minimum wages, overtime wages, and timekeeping.

20.     Defendant is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

21.     Defendant has gross revenue that exceeds $500,000.00 per year.

22.     At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.     FACTS

23.     Named Plaintiff and Defendant's other hourly healthcare employees are non-exempt employees who are entitled to overtime.

24.     Defendant paid Named Plaintiff and other similarly situated healthcare employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

25.     In addition to the Base Hourly Wage, Defendant pays its healthcare employees additional forms of remuneration that should be included in the calculation of employees' regular rate of pay for overtime compensation. These additional forms of remuneration include but are not limited to nondiscretionary bonuses for working extra hours or shifts for which the employee was not scheduled to work (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration").  *See* 29 C.F.R §§ 778.207(b), 778.211(c).

26.     Regarding the nondiscretionary bonuses for working extra shifts, Named Plaintiff and other similarly situated employees were contacted and promised that if they picked up shifts or hours that they were not previously scheduled to work, then they would receive a bonus payment in an already predetermined amount to induce them to work those extra hours and/or shifts. Shift pickup bonuses are required to be included in Defendant's employees' regular rate of pay calculation according to the United States Department of Labor.[1]

27.     During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of forty (40) hours.

28.     When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant did not include Additional Remuneration in the calculation of employees' regular pay rates for overtime. Consequently,

---

[1] *See Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay*, U.S. DEP'T OF LAB., https://www.dol.gov/agencies/whd/fact-sheets/54-healthcare-overtime (last visited May 2, 2024) (see ***Example: Supplementary Shift Bonus*** Section).

Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages that they were due in accordance with the requirements of the FLSA.

## IV.    FLSA COLLECTIVE ALLEGATIONS

29.    Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly employees who received additional remuneration in workweeks that they were paid for more than forty (40) hours during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

30.    Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

31.    During the last three (3) years, Defendant has not fully and properly paid Named Plaintiff and Defendant's other hourly healthcare employees at one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a workweek because Defendant failed to include all Additional Remuneration in calculating their regular rates of pay.

## V.    RULE 23 CLASS ALLEGATIONS

32.    The Named Plaintiff brings her OPPA claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former Ohio hourly healthcare employees who received additional remuneration in workweeks that they were paid for more than forty (40) hours during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

33.    The Ohio Rule 23 Class includes all current or former hourly, non-exempt healthcare employees employed by Defendant throughout the State of Ohio as defined above.

34.    The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

35.    Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid overtime wages are typical of those for the other class members.

36.    Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

37.    Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

38.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

39.    Questions of law and fact are common to the Ohio Rule 23 Class.

40.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

41.    Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

42.    Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43.    Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the OPPA by failing to pay the Ohio Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week; (b) whether the unpaid wages remained unpaid for thirty (30) days beyond their regularly scheduled paydays; (c) whether Defendant's violations of the OPPA were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the OPPA; and (e) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

44.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

VI.     **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

45.     All of the preceding paragraphs are realleged as if fully rewritten herein.

46.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

47.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

48.     During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

49.     Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

50.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendant did not include all Additional Remuneration in their regular rate of pay calculations for the purposes of overtime.

51.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

52.     Defendant knew or should have known of the FLSA's overtime payment requirements. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

53.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

54.     As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

55.     All of the preceding paragraphs are realleged as if fully rewritten herein.

56.     Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

57.     During all relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

58.     The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

59.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

60.     Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

61.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

**VII.   PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A.     Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.     Certifying the proposed Ohio Rule 23 Class under the OPPA;

C.     Finding that Defendant failed to keep accurate records and, as a result, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D.     Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E.     Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime to be determined at trial together with any liquidated damages allowed by the OPPA;

F.     Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

G.     Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

H.     Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I.      Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Road
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
       agedling@mcoffmanlegal.com
       khendren@mcoffmanlegal.com
       takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman